# United States Court of Federal Claims

No. 14-208L
November 25, 2019

_____

**RONALD PHILLIPS & CAROLYN PHILLIPS, FOR THEMSELVES AND AS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS,**

*Plaintiffs,*

v.

**UNITED STATES OF AMERICA,**

*Defendant.*

_____

Rails-to-Trails; Class Action; RCFC 23(e); Final Approval of Settlement Agreement

*Steven M. Wald*, Stewart Wald & McCulley, LLC, St. Louis, MO, for plaintiffs.

*Jessica M. Held*, United States Department of Justice, Washington, DC, for defendant.

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter is before the court pursuant to Rule 23(e) of the RCFC, for final approval of the parties' settlement agreement. We held a hearing on November 19, 2019 to consider the fairness, reasonableness, and adequacy of the parties' class action settlement agreement.

The parties' proposed settlement agreement is approved.

## BACKGROUND

Plaintiffs' claims are based on the conversion of a railroad corridor in Geneva, Coffee, and Covington counties, Alabama to a recreational trail. This action was brought on behalf of thirty-two landowners who collectively own forty-one parcels of land in these counties. They allege that they were burdened by a railroad easement. They contend, moreover, that under Alabama law, the scope of the railroad purpose easement was exceeded when Alabama & Florida Railway Co., Inc. ceased using the corridor for its railroad operations, and when the United States Surface Transportation Board authorized the use of the easement for

recreational trail use under § 8(d) of the National Trails System Act, 16 U.S.C. § 1247(d).

The court granted plaintiffs' motion for class certification in August 2015. Thereafter, the parties engaged in extensive discovery related to the class members' claims. They indicate that they have negotiated a proposed settlement agreement that resolves plaintiffs' claims fully and finally. As part of their settlement process, they retained an expert real estate appraiser to assist them in valuing the easements. They state that they instructed the expert to estimate the fair market value of representative parcels in the "before condition" and "after condition." The parties requested appraisals in conformance with the Uniform Standards of Professional Appraisal Practice and the Uniform Appraisal Standards for Federal Land Acquisitions.

Counsel for the parties conducted a site visit with the expert and viewed the properties at issue. The parties note that class counsel called the expert's attention to unique parcels and legal and factual issues that should be addressed in the appraisal process and that the expert subsequently returned to the site. The expert prepared its appraisal reports and provided them to the parties for review in February 2017. Counsel for the parties then began to negotiate a settlement. The parties reached an agreement in November 2017 on the amount of property damages, which reflects a 10% litigation reduction and, thereafter, the issue of reimbursement of attorneys' fees and costs—pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) and the applicable interest rate.

The parties submitted a joint motion in September 2019 requesting that we preliminarily approve their proposed settlement for the purpose of allowing notice of the settlement to the class. They also requested that we approve their proposed notice plan and notice of settlement to be mailed to the class members and schedule a hearing. We granted their motion.

### A. Notice of Settlement to Class Members

The court approved the parties' proposal to provide notice by having class counsel send the approved notice to each plaintiff via U.S. Mail. Plaintiffs notified the court that on September 27, 2019, they mailed notice of settlement to all class members. Class members were given a form to provide their approvals, objections, comments, and/or requests to speak at the hearing. The notice provided a response deadline of October 28, 2019. On November 15, 2019, plaintiffs notified the court that they had received explicit approvals of the settlement agreement for 22 out of 32 claims, and that no plaintiffs had raised any objections. They stated further that none of the class members expressed a wish to appear at the hearing.

### B. Terms of the Settlement Agreement

The parties reached an agreement on the amount of property damages, attorneys' fees and costs, and the applicable interest rates. Defendant agreed to pay plaintiffs the total sum of $514,384.52, plus interest accruing on an assumed payment date of March 24, 2019.[1] This

---

[1] The settlement agreement states that the interest paid will be based upon the actual date of

amount consists of $179,882.78 in principal for the value of the property interests allegedly taken, $54,501.75 in interest through March 24, 2019, and $280,000.00 for reimbursement of attorneys' fees and costs. The terms of the settlement have been approved by the authorized representative of the United States Attorney General. In consideration of the settlement amount, plaintiffs agree to file a stipulation of dismissal with prejudice within fourteen days of receipt of payment. They agree *inter alia* to release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, related to the allegations and claims asserted in the complaints, including claims for costs, expenses, attorney fees, and damages of any sort.

## LEGAL STANDARD AND ANALYSIS

The approval of settlement agreements in certified class actions is governed by Rule 23(e) of the RCFC. It provides that the claims of a certified class may be settled or voluntarily dismissed only with the court's approval. Rule 23(e) provides the following rules:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is **fair, reasonable, and adequate**.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) [Not used.]
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

RCFC 23(e) (emphasis added). To determine whether a settlement agreement is fair, reasonable, and adequate, we look to the "'paramount' twin elements of procedural and substantive fairness." *Courval v. United States*, 140 Fed. Cl. 133, 139 (2018) (citation omitted). The court in *Courval* explained that procedural fairness concerns the process by which the settlement was achieved; whereas, substantive fairness concerns the terms of the settlement. *Id.*

We reviewed the parties' account of the settlement process and the terms of the settlement agreement and find that they are fair, reasonable, and adequate. Neither party objected to the settlement process and the terms of the settlement at the hearing. The parties submitted evidence, moreover, that the settlement process met the Rule 23(e) standard. They explained that they conducted a joint appraisal, whereby they retained an expert real estate appraiser who assisted them in valuing the easements, with the intent to negotiate a settlement for all class members. Both parties reviewed the appraisal reports, all class members were sent

---

payment by the Department of the Treasury, using the same method of interest computation employed for the estimate in the settlement agreement.

a notice, and the parties determined that the terms of the settlement are in their best interest.

## CONCLUSION

The parties' proposed settlement agreement is **APPROVED**. The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge